```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                            ASHLAND DIVISION


IN RE:

DONAVIN R. SALYERS                                   CASE NO. 06-10060

DEBTOR

PHAEDRA SPRADLIN                                     PLAINTIFF
CHAPTER 7 TRUSTEE OF THE
BANKRUPTCY ESTATE OF
DONAVIN R. SALYERS

v.                                                   ADV. NO. 07-1025

SONJA SALYERS
R&D ASSOCIATES, INC.
BRADFORD D. SALYERS, and
MISTY N. HEWLETT                                     DEFENDANTS
```

## MEMORANDUM OPINION

This adversary proceeding is an action to recover a conveyance of 300 shares of stock in Defendant R&D Associates ("R&D") or in the alternative obtain a money judgment for those shares. A trial was held on May 6 and 7, 2008. After reviewing the pleadings, and the evidence presented at the trial, the Court issues this Memorandum Opinion.

These matters are submitted to the Court on the issues of whether Plaintiff, pursuant to Section 544(b) of the Bankruptcy Code, may avoid the May 27, 2003, stock transfer of the Debtor as a transfer made without valuable consideration under the authority contained in KRS § 378.020 or as fraudulent under the authority contained in KRS § 378.010, and if Plaintiff may avoid the transfer, whether pursuant to Section 550 of the Bankruptcy Code Plaintiff may recover the property transferred or the value of such property.

The Court has jurisdiction to hear and decide these matters pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper under

28 U.S.C. § 1409.

<u>Facts</u>. This proceeding is related to the bankruptcy case, <u>In re Donavin R. Salyers</u>, Case No. 06-10060, presently pending in the United States Bankruptcy Court for the Eastern District of Kentucky, Ashland Division. Plaintiff Phaedra Spradlin is the duly appointed Chapter 7 Trustee ("Trustee") for Donavin R. Salyers ("Debtor"), whose petition in bankruptcy was filed on April 3, 2006, in the Eastern District of Kentucky, Ashland Division.

Defendant R&D is an inland river shipyard that specializes in barge and boat repairs; it is a family owned, closely held Kentucky corporation. Defendant Sonja Salyers is a citizen and resident of Kentucky, the Debtor's wife, President of R&D, and a director of R&D. Defendant Bradford D. Salyers is a citizen and resident of Kentucky, the Debtor's son, Secretary of R&D, and a director of R&D. Defendant Misty N. Hewlett, f/k/a Misty N. Cassity is a citizen and resident of Kentucky, the Debtor's daughter, and a director of R&D.

On February 14, 1990, the Debtor incorporated R&D and became its president. At its incorporation by the Debtor, R&D authorized the issuance of 2,000 shares of stock. At its first organization meeting, R&D on March 3, 1990, issued 1001 shares of stock to the Debtor.

On April 20, 1994, the Debtor surrendered those 1001 shares of stock to R&D, and R&D issued 800 shares of stock to Sonja Salyers and 400 shares of stock to the Debtor. At this time, the Debtor remained president of R&D, and Sonja Salyers began serving as a board member along with the Debtor who was chairman. Sonja Salyers also became secretary-treasurer of R&D on this date.

On November 20, 2002, B&I Lending, LLC ("B&I") filed suit against the Debtor and other individuals in Greenup Circuit Court ("Greenup

Circuit Court Action"). The Greenup Circuit Court Action was an attempt by B&I to collect on loans guaranteed by the Debtor and other individuals on behalf of Combined Terminals Corporation, a company in which the Debtor held a 70 percent interest.

On December 2, 2002, at an R&D board meeting, R&D issued its remaining 800 shares of stock to Bradford D. Salyers and Misty N. Hewlett. The 800 shares of stock were to be held jointly.

On March 27, 2003, at an R&D board meeting, the Debtor transferred 300 of his 400 shares of stock to R&D, and R&D reissued those 300 shares of stock to Sonja Salyers. On this same date, Debtor resigned as president, Sonja Salyers was elected president, Bradford D. Salyers and Misty N. Hewlett were elected to the board of directors, Bradford D. Salyers was elected secretary-treasurer, R&D retained the Debtor as its manager, and the Debtor's annual salary remained at $104,000.00.

On October 16, 2003, amended by Order dated October 30, 2003, a judgment was entered against the Debtor and in favor of B&I in the Greenup Circuit Court Action.

On April 3, 2006, the Debtor filed for Chapter 7 relief.

On May 18, 2006, Bridgeview Capital Solutions, LLC ("Bridgeview"), successor to B&I, filed a proof of claim in Debtor's bankruptcy for $975,081.80. On May 5, 2008, Bridgeview filed an amended proof of claim in the amount of $2,677,142.53.

At the trial, Debtor testified that he never told Bridgeview that he had rescinded his 300 shares of R&D stock on March 27, 2003, that Sonja Salyers received 300 shares of R&D stock immediately following the rescission of his shares of his stock, that he rescinded the stock after he became aware of the Greenup Circuit Court Action, that he

knew that he could be liable on the guaranties at issue in the Greenup Circuit Court Action, and that R&D would not terminate him as an employee or withdraw his health benefits regardless of his decision as to the stock rescission or resignation as president.

### Conclusions of Law

11 U.S.C. § 544(b) allows the Trustee to avoid any transfer of an interest of a Debtor in property or any obligation incurred by a Debtor that is voidable under applicable law by a creditor holding an unsecured claim. 11 U.S.C. § 550 states, *inter alia,* that to the extent a transfer is avoided under 544, the Trustee may recover, for the benefit of the estate, the property transferred, or, if the Court so orders, the value of such property, from the initial transferee of such transfer, or any immediate or mediate transferee of such initial transferee.

Here the Trustee seeks to avoid the transfer of the 300 shares of stock from the Debtor to R&D that were immediately reissued to Sonja Salyers. The Trustee then seeks to either recover the 300 shares of stock, or preferably receive the value of the 300 shares of stock. The Trustee seeks to avoid the transfers based on two laws. The first is KRS § 378.020 which states, *inter alia*, that every gift, conveyance, assignment, transfer or charge made by a Debtor, of or upon any of his estate without valuable consideration therefor, shall be void as to all his then existing creditors. The second is KRS § 378.010 which states, *inter alia*, that every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond or other evidence of debt given, action commenced or

judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons.

The Court finds that the Debtor did not receive valuable consideration for the transfer of the 300 shares of stock. The Debtor testified that R&D would not terminate him as an employee or withdraw his health benefits regardless of his decision as to the stock rescission or resignation as president. There is simply no evidence that Debtor ever received valuable consideration. Thus, the Trustee can avoid the transfer of the 300 shares of stock pursuant to KRS § 378.020.

The Court finds that the Debtor did transfer the 300 shares of stock with the intent to defraud creditors. The Debtor transferred the stock at a time when he was a defendant in a lawsuit in which a significant monetary judgment could be rendered against him by one of his creditors, he never told Bridgeview about the transfer, and the Debtor never received valuable consideration for the stock. These are badges of fraud that the Defendants failed to rebut. Thus, the Trustee can avoid the transfer of the 300 shares of stock pursuant to KRS § 378.010.

The Court finds that the best evidence as to the value of the 300 shares of stock is the market. Thus, the Court will order the 300 shares be transferred to the Trustee.

The Court finds that the 300 shares were transferred to R&D and then immediately transferred to Sonja Salyers. Thus, the ownership and control of the stock is solely by Sonja Salyers. None of the other Defendants have the ability to transfer the stock.

For those reasons the Court will enter a separate judgment order against Defendant Sonja Salyers ordering the turnover of the 300

```
shares of stock to Plaintiff, and dismissing the complaint as to the

remaining Defendants. This Memorandum Opinion constitutes the Court's

findings of fact and conclusions of law.


COPIES TO:

Chrisandrea Turner Ingram, Esq.
John O. Morgan, Jr., Esq.
Gregory R. Schaaf, Esq.
Cheryl E. James, Esq.
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
_**Joseph M. Scott**_
**Bankruptcy Judge**
**Dated: Tuesday, May 20, 2008**
**(jms)**